| | |
|---|---|
| 1 | Michael Adams (SBN 185835) |
| | madams@rutan.com |
| 2 | Proud Usahacharoenporn (SBN 278204) |
| | pusaha@rutan.com |
| 3 | RUTAN & TUCKER, LLP |
| | 611 Anton Boulevard, Fourteenth Floor |
| 4 | Costa Mesa, California 92626-1931 |
| | Telephone: 714-641-5100 |
| 5 | Facsimile: 714-546-9035 |
| 6 | Attorneys for Plaintiff |
| | AMERICAN AUTOMOBILE ASSOCIATION, |
| 7 | INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHTHOUSE LODGE & COTTAGES, an entity of unknown form; PACIFICA LIGHTHOUSE LP, a California Partnership; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL SERVICE MARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) AND (b)];**<br>2. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>3. **TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. § 1125(c)(1)];**<br>4. **INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE § 14330];**<br>5. **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for its complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and 1125(c)(1), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

2. This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the Northern District of California under 28 U.S.C. section 1391(b) and (c) because defendants reside in this judicial district, a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Northern District of California, and defendants are subject to personal jurisdiction and may be found in this district.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow, Florida.

5. On information and belief, defendant Lighthouse Lodge & Cottages is an entity of unknown form located 1150 Lighthouse Avenue, Pacific Grove, CA 93950.

6. On information and belief, defendant Pacifica Lighthouse LP is a California Limited Partnership that owns and/or operates Lighthouse Lodge & Cottages.

7. On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

8. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

9. The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

10. Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against defendants for service mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; and common law trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is the owner of the famous AAA mark, U.S. service mark Registration No. 0,829,265, used in connection with a number of services, including but not limited to rating tourist accommodations in International Class 42. A copy of this registration is attached hereto as Exhibit A.

12. Plaintiff is the owner of numerous other famous registered trademarks incorporating the AAA marks in the United States and throughout the world.

13. Plaintiff has been serving motorists under the AAA mark of Registration No. 0,829,265 for more than 100 years.

14. Plaintiff, by virtue of the services offered under its AAA marks, is recognized throughout the world as rating tourist accommodations.

15. At all relevant times hereto, defendants have been and are in the

business of providing tourist accommodations using the AAA marks. Defendants use the AAA marks in conducting and promoting their business, including, without limitation, through website advertising representing defendants' business as approved by AAA.

16. Defendants are not authorized to use the AAA marks in connection with their goods or services, nor are defendants affiliated with Plaintiff.

17. Plaintiff sent a cease-and-desist letter to defendants on January 28, March 20 and August 5, 2014 giving notice of Plaintiff's ownership of federally registered service marks and demanding that defendants immediately cease and desist from all uses of the AAA marks in connection with their goods and services.

18. Despite Plaintiff's demand, defendants have failed to cease and desist from all uses of the AAA marks in connection with their goods and services. Defendants continue to use the AAA marks in promoting their business.

## FIRST CLAIM FOR RELIEF

**(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

19. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 18 above, inclusive, as though fully set forth herein.

20. Plaintiff is the owner of a number of federal trademark and service mark registrations that incorporate the AAA marks and specifically asserts ownership of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 0,829,265 | AAA | May 23, 1967 |

21. Plaintiff first used the AAA mark of Registration No. 0,829,265 in connection with rating tourist accommodations at least as early as 1903 and has continued and expanded use thereof up to the present. Thus, long before the acts complained of herein, motorists and members of the general consumer population in the United States and across the world have recognized the AAA mark as an

exclusive source identifier for tourist accommodation ratings originating from Plaintiff. The registration for the AAA mark is incontestable under section 15 of the Lanham Act, 15 U.S.C. section 1065, and it constitutes conclusive evidence of Plaintiff's exclusive right to use the AAA mark in connection with rating tourist accommodations.

22. Plaintiff's registered service marks are valid and subsisting and remain in full force and effect as evidence of the validity thereof and Plaintiff's ownership of the marks in connection with the services specified in the registration.

23. As a result of the long period of use and extensive advertisement and sale of services under the AAA marks, motorists and members of the general consumer population in the United States and across the world recognize the AAA marks as exclusive source identifiers for tourist accommodation ratings originating from Plaintiff.

24. Defendants' use of the AAA marks in interstate commerce in connection with their goods and services is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the goods and services offered by defendants; (b) the affiliation, connection, and association of Plaintiff with defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the goods and services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

25. On information and belief, defendants are now committing the acts complained of above and have continued to do so in defiance of Plaintiff's request that they cease such acts.

26. Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

27. On information and belief, defendants' acts of service mark infringement in violation of the Lanham Act have caused financial injury and

damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

28. Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is also entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))

29. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 28 above, inclusive, as though fully set forth herein.

30. Defendants, either independently or through collaboration with one another, are using the AAA marks in connection with their goods and services.

31. On information and belief, defendants use the AAA marks in commerce, which use has been done with the deliberate intent of capitalizing and trading on the good will and reputation of Plaintiff.

32. The use in commerce of the AAA marks by defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that defendants' services are associated, authorized, sponsored, or controlled by Plaintiff.

33. Defendants' use in commerce of the AAA marks in connection with their goods and services constitutes a false designation of the origin and/or sponsorship of such goods and services and falsely describes and represents such goods and services.

34. By their acts as alleged herein, defendants have falsely designated and represented goods and services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the good will of Plaintiff to sell defendants' own goods and services and have otherwise competed unfairly with Plaintiff.

35. On information and belief, defendants are now committing the acts complained of above and have continued to do so in defiance of Plaintiff's request that they cease such acts.

36. Defendants, after due notice, have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to the AAA marks.

37. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition, and good will in connection with the AAA marks.

38. As a result of defendants' wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage in an amount not thus far determined.

39. On information and belief, defendants' acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

40. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff's good will and business reputation.

41. Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF

(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))

42. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 41 above, inclusive, as though fully set

forth herein.

43. Plaintiff's AAA trade name and service marks were used in commerce long before defendants' adoption and use of AAA marks in connection with their goods and services.

44. Plaintiff's AAA trade name and service marks have become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with rating tourist accommodations, such fame occurring long before defendants' adoption and use of the AAA marks in connection with their goods and services.

45. Defendants use the AAA marks in promoting their goods and services in the same trade areas and channels of trade in which Plaintiff's AAA trade name and service marks are recognized and famous.

46. On information and belief, defendants' use of the AAA marks has lessened the capacity of Plaintiff's famous AAA trade name and service marks to identify and distinguish Plaintiff's goods and services.

47. Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous AAA trade name and service marks by the low quality of defendants' goods and services.

48. On information and belief, defendants' acts of trade name or service mark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

49. Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c). Therefore, Plaintiff is entitled to injunctive relief.

///

///

///

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation and Dilution – Cal. Bus. & Prof. Code § 14247)

50. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 49 above, inclusive, as though fully set forth herein.

51. Plaintiff is the owner of marks that are distinctive and famous in the State of California.

52. On information and belief, defendants have used and continue to use the famous AAA marks after the marks became famous, which use dilutes the distinctive quality of Plaintiff's marks.

53. On information and belief, defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the AAA marks and with the intention to cause dilution of the marks.

54. As a result of the actions described herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

55. Plaintiff has no adequate remedy at law and is being irreparably damaged by defendants' acts in violation of California Business & Professions Code section 14247.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trade Name and Trademark Infringement, and Unfair Competition)

56. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 55 above, inclusive, as though fully set forth herein.

57. Defendants' actions and conduct as alleged herein constitute unfair

competition under California common law.

58. Defendants' actions and conduct in adopting and using the AAA marks in California constitute trademark infringement under California common law.

59. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

60. Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by defendants' acts in violation of California common law, entitling Plaintiff to injunctive relief.

61. Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against defendants, and each of them, as follows:

1. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any tourist accommodations and other related services at any locality in the United States

2. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during

the pendency of this action and permanently thereafter from using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from referring to their businesses as "triple A approved," "triple A rated," or any substantially similar statement (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

4. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone (either orally or in writing) that their businesses are affiliated with Plaintiff in any way, are approved by AAA or are rated by AAA;

5. For an order requiring defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation "AAA" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words and symbols;

6. For an order requiring defendants to remove from their business

premises within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the "AAA" designation, and to destroy all molds, plates, masters, or means of creating the infringing items;

7. For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the AAA mark, to cease using such names at the earliest possible date;

8. For an order requiring defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 7 above;

9. For an award of defendants' profits and Plaintiff's damages in an amount not yet ascertained but believed to exceed $500,000;

10. For an award of three times Plaintiff's damages or defendants' profits in view of the intentional and willful nature of defendants' acts, pursuant to 15 U.S.C. section 1117;

11. For an award of punitive damages according to proof;

12. For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

13. For an award of pre- and post-judgment interest at the highest rate allowed by law;

14. For an award of costs and disbursements incurred in this action; and

15. For such further relief as this Court shall deem just and proper.

Dated: September 22, 2014          RUTAN & TUCKER, LLP


By: /s/ Michael Adams
Michael D. Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE
ASSOCIATION, INC.

## DEMAND FOR JURY TRIAL

AMERICAN AUTOMOBILE ASSOCIATION, INC. hereby demands a jury trial in this action.

Dated: September 22, 2014        RUTAN & TUCKER, LLP

By: /s/ Michael Adams
Michael D. Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE
ASSOCIATION, INC.

# EXHIBIT A

Case3:14-cv-04276-NC Document1 Filed09/23/14 Page14 of 16

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Feb 23 04:35:46 EST 2012*

**TESS HOME** **NEW USER** **STRUCTURED** **FREE FORM** **BROWSE DICT** **SEARCH OG** **BOTTOM** **HELP**

**Logout** Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

**TARR Status** **ASSIGN Status** **TDR** **TTAB Status** *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| Word Mark | AAA |
| Goods and Services | IC 042. US 100. G & S: AUTOMOBILE ASSOCIATION SERVICES RENDERED TO MOTOR VEHICLE OWNERS, MOTORISTS, AND TRAVELERS GENERALLY-NAMELY, OBTAINING MOTOR VEHICLE LICENSE PLATES AND TITLE CERTIFICATES; SPONSORING SCHOOL SAFETY PATROLS; ADVOCATING LEGISLATION FAVORABLE TO SAFE AND ECONOMICAL MOTOR VEHICLE TRAVEL, OPERATION, AND MAINTENANCE; CONDUCTING MOTOR VEHICLE TESTS AND MAKING TESTS OF AUTOMOTIVE AND RELATED PRODUCTS; AND RATING TOURIST ACCOMMODATIONS. FIRST USE: 19030000. FIRST USE IN COMMERCE: 19030000

IC 035. US 101. G & S: ARRANGING FOR DISCOUNT PURCHASES, COLLECTING DAMAGE CLAIMS; OFFERING REWARDS FOR INFORMATION LEADING TO ARREST AND CONVICTION OF PERSONS STEALING MEMBERS' AUTOMOBILES; AND PLACING INSURANCE WITH UNDERWRITERS. FIRST USE: 19160000. FIRST USE IN COMMERCE: 19160000

IC 036. US 102. G & S: PROVIDING BAIL BOND. FIRST USE: 19160000. FIRST USE IN COMMERCE: 19160000

IC 037. US 103. G & S: PROVIDING EMERGENCY ROAD SERVICE. FIRST USE: 19160000. FIRST USE IN COMMERCE: 19160000

IC 039. US 105. G & S: DISSEMINATING TRAVEL INFORMATION AND MAKING TRAVEL ARRANGEMENTS. FIRST USE: 19020000. FIRST USE IN COMMERCE: 19020000

IC 041. US 107. G & S: TEACHING MOTOR VEHICLE OPERATION; CONDUCTING TRAFFIC AND PEDESTRIAN SAFETY CAMPAIGNS, AND GIVING TRAFFIC SAFETY LESSONS. FIRST USE: 19240000. FIRST USE IN COMMERCE: 19240000 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 72230991 |
| Filing Date | October 22, 1965 |
| Current Filing Basis | 1A |

Exhibit A, Page 14

| | |
|---|---|
| Original Filing Basis | 1A |
| Published for Opposition | March 7, 1967 |
| Registration Number | 0829265 |
| Registration Date | May 23, 1967 |
| Owner | (REGISTRANT) AMERICAN AUTOMOBILE ASSOCIATION, INC. CORPORATION CONNECTICUT 1000 AAA DRIVE HEATHROW FLORIDA 32746 |
| Attorney of Record | LAWRENCE E. LAUBSCHER, JR. |
| Prior Registrations | 0547321;0703556 |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECTION 8(10-YR) 20061121. |
| Renewal | 2ND RENEWAL 20061121 |
| Live/Dead Indicator | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY